UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| STEMILT GROWERS, LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 14-CV-0230-CVE-PJC |
| REASOR'S, LLC, d/b/a Reasor's Foods, et al., | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Reasor's, LLC's, Motion to Dismiss, or in the Alternative, to Stay These Proceedings, and Brief in Support (Dkt. ## 9, 16). Reasor's, LLC (Reasor)[1] argues that Stemilt Growers, LLC (Stemilt) has failed to allege sufficient facts to state a claim and that, in the alternative, this case should be stayed pending the resolution of another case. Dkt. # 9. Stemilt responds that it has pled sufficient facts and that the other case should have no bearing on this case. Dkt. # 18.

**I.**

On May 13, 2014, Stemilt filed a complaint against Reasor and ten John Doe defendants. Dkt. # 2. Stemilt alleges that it packs, sells, and markets "wholesale quantities of perishable agricultural commodities" (Produce). Id. at 2. Stemilt alleges that, during the times at issue, Reasor "was a commission merchant, dealer, or broker subject to [the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. § 499a, et seq.], and held a valid PACA license issued by the United

---

[1] Although the corporate name is Reasor's, LLC, for grammatical reasons, the Court will refer to this defendant as Reasor.

States Department of Agriculture." Id. at 3. Stemilt alleges that it also held a valid PACA license. Id. Stemilt alleges that it and Reasor "entered into contracts in which Stemilt sold to [Reasor] in interstate commerce, and [Reasor] purchased, Produce in the total amount of $301,081.26." Id. Stemilt further alleges that "[Reasor], by its designated agent(s), accepted the Produce from Stemilt without objections" and that "[Reasor] failed to pay for the Produce sold to it by Stemilt." Id. Stemilt also states that it sent invoices to "Reasor's designated agent(s)." Id. at 4.

Stemilt alleges that, by failing to pay for the Produce, Reasor breached its contracts with Stemilt. Id. at 3. Stemilt requests that this Court enter an order "declaring that [Stemilt] holds a valid trust claim . . . against [Reasor]." Id. at 4.[2] Stemilt alleges that Reasor has failed to maintain sufficient PACA Trust Assets and has failed to promptly pay Stemilt. Id. at 6-7. Stemilt also alleges that the John Doe defendants (identified as "corporate officers, directors, shareholders, and/or employees of [Reasor]") breached their fiduciary duty to Stemilt in regard to the alleged PACA trust and improperly received trust assets. Id. at 7-9. Stemilt alleges that both Reasor and the John Doe defendants have been unjustly enriched by their conversion of the funds entitled to Stemilt and that both Reasor and the John Doe defendants will be unjustly enriched if they are allowed to continue to convert Stemilt's Produce. Id. at 9.

Reasor has filed a motion to dismiss or, in the alternative, stay the proceedings. Dkt. ## 9, 16. Stemilt has responded (Dkt. # 18), and Reasor has replied (Dkt. # 19). Both Reasor's motion to dismiss and Stemilt's response present matters outside of the pleadings. Dkt. ## 9-1, 9-2, 9-3, 9-4, 18-1, 18-2. "Where a party has moved to dismiss under Rule 12(b)(6) for failure to state a claim

---

2    Stemilt further requests that Reasor be ordered to pay Stemilt "PACA Trust Assets equal to the sum of $301,081.22, plus interest . . . , costs and attorneys' fees." Dkt. # 2, at 5.

upon which relief can be granted and matters outside of the pleadings have been presented to the court for consideration, the court must either exclude the material or treat the motion as one for summary judgment and dispose of it as provided by Rule 56." Nichols v. U.S., 796 F.2d 361, 364 (10th Cir. 1986); see also Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Rather than convert Reasor's motion to dismiss into a motion for summary judgment and render a ruling prior to discovery based upon an incomplete record,[3] this Court chooses to exclude all matters outside of the pleadings. Consequently, this Court will consider only the complaint itself in ruling on Reasor's motion to dismiss.[4]

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within

---

[3] Neither party has even presented the alleged contract at issue.

[4] In considering Reasor's motion to stay, the Court will, necessarily, consider matters outside of the pleadings.

an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

**A. Motion to Stay**

Reasor argues that this case should be stayed because Stemilt's claims have already been alleged in another PACA case before this Court. Dkt. # 9, at 2, 7-8. Reasor is correct that Stemilt is a plaintiff in another PACA case before this Court. See First Amended Complaint, Keith Connell, Inc. v. Crossroads Fresh Connections, Inc., No. 14-CV-0166-CVE-TLW (N.D. Okla. May 30, 2014). Reasor argues that this case is in violation of an order entered in that case. The referenced order states that:

> All other actions against the Defendants of any nature and kind in any other court or forum by any unpaid seller of Produce to [Crossroads Fresh Connections, Inc. (Crossroads)] are barred, pending further order of this Court. All persons or entities having unsatisfied claims against Crossroads, its officers or employees, arising under or relating to the PACA trust have the right to seek recovery solely in this action and only by following the procedures stated in the Agreed Order.

Stipulated Injunction and Agreed Order Establishing PACA Trust Claims Procedure at 10, Keith Connell, Inc. v. Crossroads Fresh Connections, Inc., No. 14-CV-0166-CVE-TLW (N.D. Okla. April 16, 2014). However, that order in inapplicable; it applies only to actions against the defendants in the Keith Connell case and actions against Crossroads' officers and employees. See id. Reasor is not a defendant in that case, nor could it be an officer or employee of Crossroads. See First Amended Complaint, Keith Connell, Inc. v. Crossroads Fresh Connections, Inc., No. 14-CV-0166-CVE-TLW (N.D. Okla. May 30, 2014). Stemilt is not in violation of that order, and that order does not mandate a stay of this case. Relatedly, Reasor argues that this case violates the rule that "[a] single PACA trust exists for the benefit of all of the sellers to a Produce debtor." Dkt. # 9, at 7 (quoting Tom Lange Co. v. Kornblum & Co. (In re Kornblum & Co.), 81 F.3d 280, 286 (2d Cir. 1996)) (internal quotation marks omitted). As Reasor and Crossroads are not the same produce debtors, this rule is also inapplicable. Reasor's motion to stay should be denied.

**B. Motion to Dismiss**

Reasor argues that Stemilt's complaint should be dismissed because Reasor is not party to any contract with Stemilt and because Reasor has not purchased any produce from Stemilt. Dkt. # 9, at 2, 4-7. These arguments challenge the factual accuracy of Stemilt's claims. However, in ruling on a motion to dismiss, a court must accept non-conclusory allegations as true. See Twombly, 550 U.S. at 555; Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

Stemilt alleges that it has multiple contracts with Reasor under which it sold Produce (i.e., "wholesale quantities of perishable agricultural commodities") to Reasor in exchange for $301,081.26. Dkt. # 2, at 2-3. Stemilt further alleges that Reasor has failed to pay Stemilt for the

Produce. Id. at 3. Reasor argues that Stemilt "has not set forth any facts as to the date or subject matter of any contract; the type or quantity of any alleged produce that was the subject of any contract; the identity of the parties to the contract; or who Plaintiff claims entered any contracts on behalf of [Reasor]." Dkt. # 19, at 2. Stemilt has clearly alleged the subject matter of the contract (i.e., the sale of Produce) and the identity of the parties to the contract (i.e., Reasor and Stemilt). Dkt. # 2, at 3. And while Stemilt may not have specifically alleged the quantity of the Produce, Stemilt has identified its worth, a reasonable substitute. Id. While facts relating to the date of the alleged contract, the exact type of Produce being sold, and the identity of the party entering into the contract on behalf of Reasor may have been helpful, they are by no means mandatory to render a claim plausible. Stemilt's complaint raises a plausible claim for breach of contract that is sufficiently supported by alleged facts and provides adequate notice to Reasor. Cf. Fed. R. Civ. Pro. Form 10(c).[5] Reasor's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that defendant Reasor's, LLC's motion to dismiss (Dkt. # 9) is **denied**. Defendant shall file its answer to the complaint no later than **August 27, 2014.**

**IT IS FURTHER ORDERED** that defendant Reasor's, LLC's motion to stay (Dkt. # 16) is **denied.**

**DATED** this 13th day of August, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[5] Reasor also argues that Stemilt's other claims fail because there was no contract between Reasor and Stemilt. Dkt. # 9, at 6. This argument fails for the same reasons that Reasor's argument regarding the breach of contract claim fails.